J. H. WILLIAMSON ET AL., ADMINISTRATORS C. T. A., OF IRA FREEMAN, DECEASED, v. TRACY R. FREEMAN.

(Filed 23 May, 1934.)

APPEAL by defendant from *Oglesby, J.,* at October Term, 1933, of MONTGOMERY. No error.

Ira Freeman died in Montgomery County on 11 March, 1928. His last will and testament was duly probated and recorded in the office of the clerk of the Superior Court of said county, prior to the commencement of this action. The plaintiffs have been duly appointed as ad-

---

ALLEN *v.* BESSEMER CITY.

---

ministrators *c. t. a.* of the said Ira Freeman, deceased. This action was begun on 11 May, 1933.

It is alleged in the complaint that at the date of his death, Ira Freeman was the owner and in the possession of a stock of goods, wares and merchandise, and that prior to the probate of his last will and testament, the defendant, his son, took the said stock of goods into his possession, and wrongfully converted the same to his own use. The plaintiffs prayed judgment that they recover of the defendant the value of the said stock of goods.

The defendant in his answer denied that his father, Ira Freeman, was the owner of the stock of goods described in the complaint, at the date of his death. He alleged that he was the owner of said stock of goods, and was in the lawful possession of the same. He prayed judgment that plaintiffs recover nothing by this action.

At the trial, in response to the issues, the jury found that Ira Freeman was the owner of the stock of goods described in the complaint at the date of his death, and that the net value of the same was $3,500.

From judgment that plaintiffs recover of him the sum of $3,500, together with the costs of the action, the defendant appealed to the Supreme Court.

*B. S. Hurley and Brown & Brown for plaintiffs.*
*John T. Brittain and R. T. Poole for defendant.*

PER CURIAM. The assignments of error relied on by the defendant on his appeal to this Court cannot be sustained. We find no error in the rulings of the court on defendant's objections to evidence offered by the plaintiffs, at the trial, or in the instructions of the court to the jury.

The evidence in support of the respective contentions of the parties was in sharp conflict, and was properly submitted to the jury. The judgment must be affirmed.

No error.